[879 NYS2d 142]

In the Matter of JOHN D. ORTH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 31, 2009

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

**OPINION OF THE COURT**

PER CURIAM.

By order dated May 13, 2008, the Supreme Court of New Jersey issued an order publicly reprimanding the respondent for: (1) failure to promptly deliver funds to a third party, in violation of New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.15 (b); (2) commingling of personal and client funds, in violation of RPC rule 1.15 (d) and New Jersey Rules of Court rule 1:21-6 (a) (1); (3) failure to update attorney registration information, failure to maintain business account, and payment of personal expenses with trust account checks, in violation of RPC rule 1.15 (d), New Jersey Rules of Court rules 1:21-6 (a) (2) and 1:20-1 (c); and (4) failure to cooperate with disciplinary authorities, in violation of RPC rule 8.1 (b) and New Jersey Rules of Court rule 1:20-3 (g) (3).

The matter came before the New Jersey Disciplinary Review Board (hereinafter the DRB) on a certification of default filed by the Office of Attorney Ethics (hereinafter the OAE) following the respondent's failure to file an answer to the formal ethics complaint. The DRB denied the respondent's motion to vacate the default due to his failure to offer a reasonable explanation for his failure to file an answer or to assert meritorious defenses to the charges. Despite proper service of the complaint and the OAE's grant of the respondent's two requests for extensions of time to file his answer, the respondent offered no reason for his inability to timely file an answer and admitted that he "can not set forth standard underlying basis for a default to be vacated."

The complaint emanates from the respondent's neglect in a real estate matter, his record keeping violations, and his failure to cooperate with disciplinary authorities. In October 2005, the respondent attempted to pay his 2005 annual attorney registration fee, a late fee, and a reinstatement fee to the New Jersey Lawyers' Fund for Client Protection with an attorney trust account check drawn on the Bank of New York. The respondent failed to update his bank account information during the annual attorney registration process to reflect that he maintained his trust account at the Bank of New York rather than at Wachovia Bank.

The Client Protection Fund referred this matter to the OAE. The ensuing investigation revealed ethics infractions in a refinancing involving Robert Mitacek and Sophia Mitacek and a personal injury action involving Jose Reyes.

Although personally served with notice pursuant to 22 NYCRR 691.3 on August 8, 2008, the respondent has not

submitted a verified statement or demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline upon him.

Under the circumstances, we find that a public censure is warranted based upon the action of the Supreme Court of New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and MILLER, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent is publicly censured for his professional misconduct.